SUMMARY ORDER
Defendant-appellant, Robert Gorglione appeals from an October 16, 2007 judgment of the United States Court for the Eastern District of New York (Korman, J.) convicting him of violating the terms of his supervised release. Pursuant to 18 U.S.C. § 4244, the district court ordered Gorglione hospitalized for mental health treatment “until he is no longer in need of such custody for care or treatment or until the expiration of the sentence of imprisonment of five (5) years, whichever occurs earlier.” We assume the parties’ familiarity with the facts, proceedings below, and the issues raised on appeal.
Upon review of the record, we conclude that Gorglione’s due process claim fails because it relies on his contention that the district court found that he violated the supervised release condition of “commission of another federal, state, or local crime,” rather than “failure to participate in mental health treatment.” However, adopting this viewpoint would require us to ignore the district court’s judgment, which notes the sole reason for revocation as “failure to participate in mental health treatment,” and its statements during court proceedings, in the face of Gorglione’s objections to a finding of a violation based on commission of a crime, that it had an alternative basis on which to revoke Gorglione’s supervised release. Although the district court did not hold a formal hearing regarding Gorglione’s failure to participate in mental health treatment, Gorglione never raised an objection to the absence of a hearing and the record is clear that he failed to take his medication. Accordingly, we conclude that there was no plain error. See United States v. Joseph, 542 F.3d 13, 25 (2d Cir.2008). Further, to the extent that the district court placed undue emphasis on the alleged crime, any error in failing to explicitly engage in the interest-of-justice determination of Rule 32.1 of the Federal Rules of Criminal Procedure is harmless. See United States v. Aspinall, 389 F.3d 332, 346 (2d Cir.2004), abrogated on other grounds as recognized in United States v. Fleming, 397 F.3d 95, 99 n. 5 (2d Cir.2005).
We have considered all of Gorglione’s other arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.